**Motion Granted in Part; Order filed July 10, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00973-CR
_____

### MIGUEL ANGEL CONTRERAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 0850245**

## ORDER

This is an appeal from a judgment adjudicating appellant's guilt in which appellant's appointed counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). The record reflects that on December 7, 2000, appellant entered a plea of guilty to aggravated assault causing serious bodily injury. The trial court deferred a finding of guilt and placed appellant on community supervision for six years. The State subsequently moved to adjudicate appellant's guilt. Appellant entered a plea of true, without an agreed recommendation on punishment, to the allegations in the motion. On September 18, 2013, the trial court adjudicated

appellant's guilt and sentenced him to confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a pro se notice of appeal.

Appellant made known to this court his desire to review the record and file a pro se brief in response to counsel's *Anders* brief. *See Kelly v. State,* No. PD-0702-13, 2014 WL 2865901 (Tex. Crim. App. June 25, 2014) (citing *Anders*, 386 U.S. at 744); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Accordingly, on May 6, 2014, we ordered that the record be provided to appellant. On June 27, 2014, the Harris County District Clerk's Office notified this court that appellant received a copy of the record on June 3, 2014.

On June 24, 2014, appellant filed a pro se motion for production of additional records, in which he seeks the following records:

1. Guilty Plea Hearing Transcript

2. Any and all documents pertaining to appellant's probation, including but not limited to, probation visits, payments, attend classes ect. [*sic*]

3. Adjudication hearing and sentencing hearing transcript.

The record filed with this court does not contain the requested items. The record reflects that a court reporter was waived at the December 11, 2000 hearing on appellant's guilty plea. Moreover, a defendant may raise issues related to his original plea proceeding only in appeals taken when deferred adjudication is first imposed. *See Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (citing *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999)). The reporter's record from the original guilty plea in the deferred adjudication proceeding is not necessary to this appeal's resolution because appellant cannot now appeal any issues relating to the original deferred adjudication proceeding. *See Daniels*, 30 S.W.3d at 408.

2

No reporter's record was filed in this appeal.[1] It is unclear from our record whether a record was made of the hearing on the State's motion to adjudicate appellant's guilt, and if so, whether the State produced and admitted appellant's probation records. Therefore, we **GRANT** appellant's motion in part, and issue the following order:

We order Roxanne Wiltshire, the official court reporter for the 182nd District Court, to certify to this court whether a record was made of the hearing on the motion to adjudicate appellant's guilt, which was held on or about September 18, 2013. If the hearing was reported, the record of that hearing, together with all exhibits, including those containing appellant's probation records, if any, shall be filed with the clerk of this court within thirty days of the date of this order. In addition, in accordance with local procedure, the clerk of the court shall furnish a copy of the reporter's record to appellant within forty-five days of the date of this order and certify to this court the date on which delivery of the record to appellant is made.

Appellant's pro se brief in response to counsel's *Anders* brief shall be filed with this court within thirty days after receipt of a copy of the supplemental record or receipt of notice that no record was made. All other relief requested in appellant's motion is denied.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

---

[1] The record contains only a reporter's record from an abatement hearing ordered by this court to determine whether appellant was entitled to appointed counsel.